IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAVIER REYNA, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No.1:21-cv-67 | |
| § | | |
| ERIC GARZA. § | | |
| *Defendant*. § | JURY DEMANDED | |

## Plaintiffs' Original Complaint

Plaintiff, JAVIER REYNA, brings this action against Defendants, Cameron County Sheriff ERIC GARZA in his individual and official capacities, pursuant to 42 U.S.C. § 1983, for violating his constitutional right to free speech, and would show this Court as follows:

### Introduction

1. Plaintiff, JAVIER REYNA, is a captain with the Cameron County Sheriff's Office ("CCSO") and brings this civil rights action to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the First Amendment to the United States Constitution. This claim arises from the action of Defendant, Cameron County Sheriff Eric Garza ("Sheriff Garza") to retaliate against Cpt. Reyna for supporting Eric Garza's opponent, Omar Lucio, in the recent election for Sheriff of Cameron County, Texas by:

    a. stripping him of all supervisory duties and subordinates and only assigning him to personally transport prisoners;

    b. taking his office and unmarked take-home fleet unit;

    c. only assigning him to personally transport out of town prisoners that require multi-day trips to complete; and

    d. attempting to fabricate a criminal case to illegally arrest Cpt. Reyna.

2. In this action, Cpt. Reyna seeks compensatory and punitive damages, attorney fees, declaratory relief, and injunctive relief that requires Sheriff Garza to assign Cpt. Reyna to a position that exercises supervisory authority, with all of the customary benefits and privileges customarily granted to supervisors of the CCSO, and prohibiting him from subsequently reassigning him from there based on his protected activity of supporting Omar Lucio's political campaign.

## PARTIES

3. Plaintiff, JAVIER REYNA, is an individual citizen and resident of Cameron County, Texas. Plaintiff is a captain with the Cameron County Sherriff's Office.

4. Defendant, ERIC GARZA, is a resident of Cameron County, Texas. Mr. Garza may be served at his place of business, 7300 Old Alice Road, Olmito, Texas 78575. Mr. Garza was, at all relevant times, the Sheriff of Cameron County, Texas and is sued herein in both his individual and official capacities.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this Court has jurisdiction over this matter. Pursuant to 28 U.S.C. 1391(b)(2), this matter is brought in the proper venue.

## STATEMENT OF FACTS

6. Captain Reyna has been with the Cameron County Sheriff's Office for approximately twenty-eight (28) years. For the last sixteen (16) years of the administration of former Sheriff Omar Lucio, Cpt. Reyna was the Captain of Operations and Critical Incident Commander. Cpt. Reyna's duties included the supervision of the:

   a. Patrol Division;

   b. Criminal Investigations Division;

   c. Narcotics Investigations;

    d. Civil Process Division;

    e. Communications Division;

    f. Support Staff; and

    g. Jail Operations.

As Captain of Operations, Cpt. Reyna was assigned an office commensurate to his position, was not required to wear a uniform, and was assigned a late-model, unmarked, take-home fleet unit, had a preferred work schedule of 8:00 am to 5:00 pm with weekends off, was responsible for the supervision of almost the entire Sheriff's Office, and due to the nature of the work, have access to professional advancement and accolades.

7. On or about October 2, 2019, Eric Garza announced his candidacy for Cameron County Sheriff, in opposition to former Sheriff Lucio. Cpt. Reyna was a public and vocal supporter of former Sheriff Lucio. Specifically, Cpt. Reyna, on his time off, participated on Sheriff Lucio's campaign by block walking, assisting at political events, and posting supportive messages on social media.

8. On or about November 3, 2020, former Sheriff Lucio lost his election to Sheriff Garza. Robert Gracia was a well-publicized financial supporter of Sheriff's Garza's campaign. Shortly after Sheriff Garza won the election, he named Robert Gracia as his Chief Deputy, despite the fact that Robert Gracia was not a peace officer certified by the Texas Commission on Law Enforcement.

9. On or about December 30, 2020, Chief Deputy Robert Gracia issued a memorandum ordering all deputies of a certain shift, and those not scheduled to work on January 1, 2021, to attend swearing in ceremonies at particular times and to fill out employment packets for continued employment with the CCSO.

10. On January 1, 2021, Chief Deputy Gracia, under the direction of Sheriff Garza, summoned Cpt. Reyna to his office and:

   a. Told Cpt. Reyna that he was no longer assigned an unmarked, take-home fleet unit and ordered Cpt. Reyna to give him the keys for subsequent use by Sheriff Garza;

   b. Questioned Cpt. Reyna whether he know who had asked the County's human resources division whether he, Chief Deputy Gracia, was a certified peace office or even a County employee; and

   c. Told Cpt. Reyna that any employee who interfered with what he and Sheriff Garza were trying to do "would be met with everything they had."

In this meeting, Chief Deputy Gracia confirmed to Cpt. Reyna that at that time, he had not taken an oath of office nor was he a certified peace officer.

11. On January 6, 2021, Sheriff Garza ordered Cpt. Reyna to vacate his office and was relocated to a much smaller one in the rear of the Training Division area. That same day, Cpt. Reyna was ordered to terminate his off-duty employment security contract with Space X, causing Cpt. Reyna to lose significant off-duty pay. In this conversation, Sheriff Garza told Cpt. Reyna, "whatever Chief Deputy Gracia says, you can take it as if it directly coming from me."

12. On January 7, 2021, Cpt. Reyna was assigned to oversee the Civil Process Division.

13. On January 11, 2021, Cpt. Reyna was relieved of his supervisory duties over the Civil Process Division, leaving him with no supervisory duties whatsoever or any subordinates.

14. In early January of 2021, Sheriff Garza told a a CCSO employee, that Cpt. Reyna was a "veneno" (a poison) and that "we have [Cpt. Reyna] out of here, he has no authority, he will be doing shitty jobs, driving shitty cars from now on." This same employee also confided to Cpt. Reyna that Sheriff Garza attempted to coerce CCSO range master, Lt. Carlos del Bosque, into stating that Cpt. Reyna's qualifications records were falsified. The falsification of firearm qualification records could constitute a violation of law. Sheriff Garza effort to fabricate a case

to illegally arrest Cpt. Reyna failed when the range master overcame the efforts of coercion and Border Patrol agents who witnesses Cpt. Reyna's qualification were interviewed and unequivocally exonerated Cpt. Reyan.

15. Sheriff Garza attempted to fabricate a second case against Cpt. Reyna by alleging that Cpt. Reyna failed to attend certain TCOLE training courses. Again, an investigation into Sheriff Garza' baseless allegation unequivocally exonerated Cpt. Reyna.

16. On January 21, 2021, Cpt. Reyna notified Sheriff Garza that he was ready, willing, and able to perform any supervisory role available and Sheriff Garza instructed him to wait for an email containing an assignment. For weeks, Cpt. Reyna sat in his office with absolutely nothing to do.

17. From February 11, 2021 to March 5, 2021, Cpt. Reyna was out on leave recovering from surgery.

18. On March 9, 2021, a subordinate, Lt. Huerta, conveyed an order instructing Cpt. Reyna to transport an out-of-town prisoner. Cpt. Reyna was also ordered to wear a uniform.

19. Supervisors of the CCSO are normally assigned late model fleet units marked with "Supervisor." In late March of 2021, after Chief Deputy Gracia was finally certified as a peace officer, Cpt. Reyna was assigned a unit substantially older unit without the "Supervisor" marking.

20. Since March of 2021, deputies and other subordinates have conveyed orders to Cpt. Reyna instructing him to personally conduct long-distance prisoner transports and reporting to a subordinate. It is unheard of to have a captain of the CCSO personally conducting prisoner transports. During the vast majority of March and April 2021, Cpt. Reyna was assigned to pick

up prisoners in Dallas/Ft. Worth area and even Brownfield, Texas, near the border with New Mexico.

21. In late April of 2021, Cpt. Reyna was told that he was going to be moved a cubicle and was assigned to look into a three (3) cold cases: one form the 1970's, one from the 1980's, and one from the 1990's.

22. On May 5, 2021, Cpt. Reyna was ordered to personally drive to Minette, Alabama, pick up a prisoner there, and bring him to Cameron County, Texas by May 7, 2021. Prior to this, it has never been the policy or practice of the CCSO to send a deputy to drive across the state line to pick up a prisoner. Prior to this, the CCSO contracted with a transport service in the business of prisoner movement. Despite having to cross four (4) state lines in an amount of time that provides little to no rest, Cpt. Reyna complied with the order.

23. There are only three (3) captains in the CCSO. Cpt. Reyna has been excluded from all supervisor meetings, all supervisor trainings, and has had his access to the Law Enforcement Reporting Management System revoked. Cpt. Reyna is not performing one function of a captain of the CCSO.

24. The complete stripping of professional responsibilities and his physical banishment from CCSO, in both its physical and electronic form, has caused Cpt. Reyna to believe that his reassignment was not done to meet the operations needs of the Sheriff's Office, but rather to professionally humiliate him to the point that he would resign.

CAUSES OF ACTION

COUNT 1:    FIRST AMENDMENT VIOLATION – RETALIATION FOR POLITICAL SPEECH

25. Cpt. Reyna alleges and incorporates the section titled, "Statement of Facts", above, as if fully set forth herein.

26. Cpt. Reyna engaged in protected activity by publicly and vocally supporting of former Sheriff Lucio in his November 2020 campaign for Cameron County Sheriff. Cpt. Reyna suffered an adverse employment action by being completely stripped of his supervisory duties and all employment benefits of the rank of captain. The close timing between Cpt. Reyna's support for former Sheriff Lucio and Cpt. Reyna's reassignment demonstrates a causal connection between the two.

27. Sheriff Garza's conduct caused harm to Cpt. Reyna. As a direct and proximate result of his reassignment, Cpt. Reyna has suffered damages in the form of:

   a. lost wages and benefits;
   b. loss of reputation;
   c. loss of desired working conditions;
   d. loss of the ability to exercise supervisory authority; and
   e. the attendant infliction of mental and physical pain, suffering, anguish, humiliation, and distress in connection with being assigned to personally transport out-of-town prisoners.

28. Sheriff Garza acted under color of law.

29. Sheriff Garza is a final policymaker and, therefore, the Sheriff's Office officially adopted and promulgated the decisions to inflict the aforementioned adverse employment actions.

30. In order to assert a valid claim against an official in his individual capacity, a § 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). The doctrine of qualified immunity limits a public official's § 1983 civil liability for the performance of discretionary functions. *Moreno v. Texas A&M Univ-Kingsville*, 2006 WL 3030713 at 1 (SDTX 2006). Officials are protected from liability for civil damages so long as their conduct has not

violated clearly established statutory or constitutional rights of which a reasonable person would have known.  *Id.*  Since 1992, it has been clearly established law that a lateral transfers from the law enforcement section to the jail section constitute an "adverse employment action."  *See Click v. Copeland*, 970 F.2d 106, 110 (5th Cir. 1992); *see also Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996); *See Porter v. Valdez*, 424 Fed.Appx. 382 (5th Cir. 2011).  Sheriff Garza's decision to reassign Cpt. Reyna to conduct in-person, long distance prisoner transport assignments is unreasonable in-light of clearly established law because he:

   a. Stripped the uniquely qualified, veteran supervisor, Cpt. Reyna of all supervisory duties and subordinates;
   b. took his office and unmarked take-home fleet unit;
   c. only assigning him to personally transport out of town prisoners that require multi-day trips to complete; and
   d. attempting to fabricate a criminal case to illegally arrest Cpt. Reyna.

Therefore, Sheriff Garza is not entitled to qualified immunity against Cpt. Reyna's claim against him in his individual capacity.

31.     Therefore, Sheriff Garza is liable to Cpt. Reyna, pursuant to First Amendment and 42 U.S.C. § 1983.

COUNT 2:     DECLARATORY RELIEF.

32.     Pursuant to 28 U.S.C. §§ 2201 -2202, Cpt. Reyna seek declaratory judgment stating that Sheriff Garza violated his right to freedom of expression, guaranteed by the First Amendment to the United States Constitution, as described above.  Pursuant to Federal Rule of Civil Procedure 57, Cpt. Reyna elects to have this claim tried before a jury.

COUNT 3:     INJUNCTIVE RELIEF.

33.     Cpt. Reyna requests that the Court grant a permanent injunction against Sheriff Garza requiring him to assign Cpt. Reyna to a position with supervisory authority, with all customary

benefits and privileges granted to supervisors of the Sheriff's Office, and prohibiting Sheriff Garza from subsequently reassigning him from there based on his protected activity of supporting former Sheriff Lucio's political campaign.

## COMPENSATORY DAMAGES

34. As a direct and proximate result of defendants' violations of Cpt. Reyna's constitutional rights, he suffered the following injuries and damages:

   a. Compensatory damages;

   b. The wages, salary, profits, and earning capacity that plaintiffs lost and the present value of the wages, salary, profits, and earning capacity that Cpt. Reyna is reasonably certain to lose in the future because of defendants' actions;

   c. The mental/emotional pain and suffering that Cpt. Reyna has experienced and is reasonably certain to experience in the future; and

   d. Nominal damages.

## PUNITIVE DAMAGES

35. The acts of Sheriff Garza, as described herein, were motivated by an evil motive and intent, to retaliate against Cpt. Reyna for him engaging in a protected activity, and involved a reckless and callous indifference to the federally his protected rights. Therefore, Cpt. Reyna seeks punitive damages.

## ATTORNEY FEES

36. Pursuant to 42 U.S.C. § 1988, Cpt. Reyna is entitled to an award to attorney's fees and costs

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JAVIER REYNA, prays that Defendants, Cameron County Sheriff ERIC GARZA be cited to appear, and after trial on the merits:

- judgment is issued declaring that Sheriff Garza unlawfully deprived Cpt. Reyna of his right to free speech guaranteed by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983;

- Sheriff Garza is ordered to assign Cpt. Reyna to a position that exercises supervisory authority, with all of the customary benefits and privileges granted to supervisors of the Sheriff's Office, and prohibiting him from subsequently reassigning him from there based on his protected activity of supporting former Sheriff Lucio's political campaign;

- Cpt. Reyna recover:
    - compensatory damages;
    - punitive damages;
    - all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation; and

any and all other general relief or specific relief to which he proves himself entitled.

Respectfully submitted,

By: /s/ David Willis_____
David Willis
State Bar No. 24039455
Federal ID. 36365
Email: dwillis@davidwillispc.com
1534 E. 6th Street, Suite 201
Brownsville, Texas 78520
Ph:     956-986-2525
Fax:    956-986-2528

OF COUNSEL
David Willis, P.C.

ATTORNEY IN CHARGE FOR
Plaintiff, JAVIER REYNA.